1

2

3

4                        UNITED STATES DISTRICT COURT

5                             DISTRICT OF NEVADA

6                                    * * *

7    JINGLING WU, et al,,                     Case No. 2:19-CV-229 JCM (BNW)

8                          Plaintiff(s),              ORDER

9         v.

10   ANDREW FONFA, et al.,

11                         Defendant(s).

12

13          Presently before the court is William Weidner, BOFU LLC, Weidner Management LLC,

14   and David Jacoby's (collectively "the Jacoby defendants") motion to dismiss.  (ECF No. 54).

15   Jingling Wu, et al.,[1] (collectively "plaintiffs") filed a response (ECF No. 58), to which the Jacoby

16   defendants replied (ECF No. 61).

17          Also before the court is Andrew Fonfa, Sahara Investments LLC, Las Vegas Economic

18   Impact Regional Center LLC, ("LVEIRC") and Eastern Investments LLC's (collectively, "the

19   Fonfa defendants") (collectively with the Jacoby defendants, "the developers") motion to

20   dismiss.  (ECF No. 55).  Plaintiffs filed a response (ECF No. 58), to which the Fonfa defendants

21   replied (ECF No. 62).

22          Also before the court is plaintiffs' countermotion for leave to file an amended complaint.

23   (ECF No. 59).   The Jacoby defendants filed a response (ECF No. 63), to which the Fonfa

24   defendants joined (ECF No. 64), and plaintiffs replied.  (ECF No. 66).

25          Also before the court is the Jacoby defendants' motion to stay the case (ECF No. 67), to

26   which the Fonfa defendants joined (ECF No. 68).  Plaintiffs filed a response (ECF No. 72).  The

27

28
_____

        [1] There are forty individual plaintiffs remaining in this suit.

**James C. Mahan**
**U.S. District Judge**

1  Jacoby defendants filed a reply (ECF No. 73), to which the Fonfa defendants also joined (ECF

2  No. 74).

3  **I.      Background**

4          The instant action arises from a dispute over the terms of an investment.  Plaintiffs are

5  Chinese nationals seeking green cards through the EB-5 investment program.  (ECF No. 1 at 2).

6  The EB-5 program generally allows foreign citizens to obtain a U.S. green card if they invest

7  $500,000 of lawfully obtained funds into an employment-generating economic enterprise that

8  creates at least ten full-time jobs, subject to other requirements.  *Id.* at 5.

9          Plaintiffs invested in a regional center, the LVEIRC.  *Id.* at 6.  Regional centers aggregate

10  investments from multiple EB-5 investors so that the investments can be loaned to pre-approved

11  projects that need large capital outlays, like large-scale construction.  *Id.*  In turn, the investors

12  become partners in an LLC.  *Id.*

13          The developers formed the LVEIRC as an LLC to fund the Lucky Dragon Casino &

14  Hotel ("Lucky Dragon").  *Id.* at 7.  The developers solicited donations from each of the plaintiffs.

15  *Id.*  Plaintiffs signed agreements entitling them to refunds if they withdrew their petitions for

16  green cards or were denied green cards through no fault of their own.  *Id.* at 8; (ECF No. 54 at 6).

17          Initially, the developers sought to use only investments collected from the EB-5 program

18  to fund Lucky Dragon.  (ECF No. 1 at 8).  However, the EB-5 investments alone were

19  insufficient.  *Id.* at 11.  The developers then acquired a $45,000,000 loan from Snow Covered

20  Capital, LLC ("SCC") to account for the shortfall.  *Id.*

21          The developers used the EB-5 investments and the SCC loan to construct Lucky Dragon.

22  (ECF No. 55 at 7).  After opening, Lucky Dragon failed to turn a profit.  *Id.*  The developers

23  defaulted on their payments to SCC, and the SCC foreclosed on the property.  (ECF No. 1 at 13–

24  14).  The operating LLCs controlling Lucky Dragon filed for Chapter 11 bankruptcy, and Lucky

25  Dragon's assets were sold in a foreclosure sale.  *Id.*

26          Plaintiffs brought suit alleging that, as a result of the bankruptcy and foreclosure sale,

27  their investments are no longer "at-risk," such that they qualify for the EB-5 program.  (ECF No.

28  3).  By their estimation, this could result in denial of their green cards.  *See id.*

**James C. Mahan**
**U.S. District Judge**

- 2 -

The Jacoby defendants and Fonfa defendants separately move to dismiss plaintiffs' claims. (ECF No. 54; 55). The Fonfa defendants also joined the Jacoby defendants' motion to dismiss. (ECF No. 56).

## II.   Legal Standard

Federal Rule of Civil Procedure 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Dismissal under rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation,* 546 F.3d 981, 984–85 (9th Cir. 2008). Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.,* 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)).

Federal courts have limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation,* 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, "federal subject matter jurisdiction must exist at the time an action is commenced." *Mallard Auto. Grp., Ltd. v. United States,* 343 F. Supp. 2d 949, 952 (D. Nev. 2004).

> [A] plaintiff, suing in a federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment.

*Smith v. McCullough,* 270 U.S. 456, 459 (1926).

## III.   Discussion

Article III of the United States Constitution requires plaintiffs to have standing to assert an actual "case or controversy" before the federal courts may assert jurisdiction over the matter. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) (citations omitted). In order to establish

James C. Mahan
U.S. District Judge

standing, "[p]laintiffs must demonstrate a 'personal stake in the outcome' in order to 'assure that concrete adverseness which sharpens the presentation of issues' necessary for the proper resolution of constitutional questions." *Id.* (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). A plaintiff establishes a "personal stake" in the outcome by demonstrating that "the injury or threat of injury [is] both 'real and immediate,'" rather than "conjectural" or "hypothetical." *Id.* at 102 (citations omitted). In short, "[a]bstract injury is not enough." *Id.* at 101.

In *Lyons*, the United States Supreme Court held that injunctive relief was not necessary despite plaintiff complaining of Los Angeles police officers' policy of using chokeholds "in situations where no one is threatened by death or grievous bodily harm." *Id.* at 99. The district court in *Lyons* found that Los Angeles police officers were "insufficiently trained, that the use of the holds involves a high risk of injury or death as then employed, and that their continued use in situations where neither death nor serious bodily injury is threatened 'is unconscionable in a civilized society.'" *Id.* Despite the district court's findings, the Supreme Court held as follows:

> The equitable remedy is unavailable absent a showing of irreparable injury, *a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again*—a "likelihood of substantial and immediate irreparable injury." The speculative nature of Lyons' claim of future injury requires a finding that this prerequisite of equitable relief has not been fulfilled.

*Id.* at 111 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)) (emphasis added).

Plaintiffs claim they have standing because they are (1) currently entitled to a refund, (2) damaged by the foreclosure sale, and (3) injured by defendants' failure to keep the invested funds in a separate account. (ECF No. 58 at 5). Plaintiffs lack an injury-in-fact. All three arguments fail because plaintiffs were not denied a refund. (*See* ECF No. 3).

Plaintiffs had a refund process available under their agreement with the developers. *Id.* at 8. The complaint does not allege any of the plaintiffs actually requested a refund. If none of the plaintiffs requested a refund, they could not have been denied one. If they have not been denied a refund, then there has been no actual injury. Further, none of the plaintiffs have been denied a green card. (ECF No. 54 at 8). Until plaintiffs allege there has been an actual denial of a refund or a green card, there is no injury-in-fact. Plaintiffs' claims are not ripe and are dismissed.

James C. Mahan
U.S. District Judge

Plaintiffs move for leave to amend their complaint.  (ECF No. 59).  They fail to attach a proposed amended complaint to the motion.  *See id.*  Thus, the court denies plaintiffs' countermotion to amend.  LR 15-1 ("[T]he moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading").  However, the court should deny leave to amend only when there is no possibility a plaintiff can state a viable claim for relief.  *See Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015). Here, plaintiffs could conceivably cure the deficiencies in their complaint by alleging an actual denial of a refund or a green card.  Therefore, the court dismisses the complaint without prejudice.

Because there are no claims remaining, the Jacoby defendants' motion to stay the case is denied as moot.  (ECF No. 67).

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Jacoby defendants' motion to dismiss (ECF No. 54) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the Fonfa defendants' motion to dismiss (ECF No. 55) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiffs' motion to amend (ECF No. 59) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the Jacoby defendants' motion to stay the case (ECF No. 67) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiffs' complaint (ECF No. 1) be, and the same hereby is, DISMISSED, without prejudice.

DATED June 26, 2020.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 5 -